JUDGE KARAS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**12 CIV 3207**

ZAKARI MUSAH,

    Plaintiff,

v.

HOUSLANGER & ASSOCIATES, PLLC,

    Defendant.

**COMPLAINT**

**JURY TRIAL DEMANDED**

12 APR 24 AM 9:57
U.S. DISTRICT COURT
S.D. OF N.Y.
FILED

## INTRODUCTION

1. This is an action for money damages and declaratory judgment, brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA")

## JURISDICTION AND VENUE

2. Jurisdiction is conferred by 15 U.S.C. § 1692k.

3. Supplemental jurisdiction exists for the state law claims pursuant to 28 USC § 1367.

4. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Venue in this District is proper because the Plaintiff lives here and Defendants transact business here, and the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## PARTIES

6. Plaintiff Zakari Musah (hereinafter "Mr.Musah" or "Plaintiff") is a natural person who has resided at all relevant times in the Bronx, New York.

7. Mr. Musah is a consumer as defined by 15 U.S.C. § 1692a(3).

8. Houslanger & Associates, PLLC (hereinafter, "Houslanger" or "Defendant") is a New York law office, with its principal place of business at 372 New York Avenue, Huntington, NY

- 1 -

11743.

9.  Houslanger's principal business is the collection of debts, and it regularly attempts to collect debts alleged to be due another. A web search reveals that Houslanger describes itself as "a collection law firm focusing on all areas of creditors' rights across the entire State of New York. We specialize in judgment executions. Our clients include businesses, professionals, attorneys, individuals, banks, and all other entities who are seeking to collect upon a debt owed to them." In sum, Houslanger is a debt collector as defined by 15 U.S.C. § 1692a(6).

## FACTS

10. In May of 2011, Mr. Musah learned that a restraint had been placed on his bank account at J.P. Morgan Chase N.A. (hereinafter "Chase"), by means of an Information Subpoena and Restraining Notice dated May 13, 2011 (hereinafter, the "Information Subpoena and Restraining Notice.")

11. The Information Subpoena and Restraining Notice was signed by attorney Todd E. Houslanger, on behalf of Defendant Houslanger and purported to be an attempt to collect a 1997 judgment entered against Mr. Musah under the following Bronx County Civil Court caption and index number: FCC National Bank v. Zakari A. Musah, Index No. 5162/97.

12. The Information Subpoena and Restraining Notice states on its face that "The current judgment creditor/assignee is Palisades Collections, LLC."

13. New York's Civil Practice Law and Rules Section 5019(c) provides that "a person other than the party recovering a judgment who becomes entitled to enforce it, shall file in the office of the clerk of the court in which the judgment was entered or, in the case of a judgment of a court other than the supreme, county or a family court which has been docketed by the clerk of the county in which it was entered, in the office of such county clerk, a copy of the instrument on

which his authority is based, acknowledged in the form required to entitle a deed to be recorded, or, if his authority is based on a court order, a certified copy of the order. Upon such filing the clerk shall make an appropriate entry on his docket of the judgment."

14. There is no record in the office of the County Clerk for the County of the Bronx of any filing by Palisades Collections, LLC with respect to the judgment in FCC National Bank v. Zakari A. Musah, Index No. 5162/97.

15. Plaintiff's counsel made several attempts to locate the court file for Index No. 5162/97 with the Clerk of the Court for New York City Civil Court, Bronx County, but was repeatedly told that no records were returned from archives for this matter and that the Bronx Civil Court Clerk's office was not in possession of the file.

16. By letter dated February 1, 2012, Plaintiff's counsel was informed by the office of the Chief Clerk of the New York City Civil Court that the Department of Records and Investigation Services, the agency responsible for the storage and retrieval of archived court records, was unable to locate the file in its facility.

17. Plaintiff's counsel also contacted Defendant Houslanger prior to bringing this action and inquired as to whether Houslanger had a copy of the Court file, including the Assignment of Judgment. Defendant Houslanger indicated that he did not have a copy of any such documents.

18. Upon information and belief, an assignment of judgment was never filed with either the Court or with the County Clerk, as is required by CPLR 5019(c).

19. Mr. Musah encountered the restraint on his bank account as he was about to embark on a trip to Ghana to visit his extremely sick mother.

20. Because his funds were restrained, Mr. Musah was forced to postpone his trip to Ghana, which caused him great mental anguish at being separated from his mother when she needed her

family's presence.

21. Mr. Musah also suffered money damages, in that he was forced to rebook his flight, losing the benefit of a lower priced ticket. He lost some $1500 because of the delay of his trip and the need to purchase a last-minute airline ticket.

22. Mr. Musah sought to lift the restraint on his bank account. On or about May 23, 2011, he filed a pro se order to show cause in the Bronx County Civil Court, stating, in essence, that he had never received court papers in the action, that he had no knowledge of owing a debt to FCC National Bank, and that he sought to vacate the judgment and return the case to the court's calendar, so that he could file an answer and defend himself against the charges.

23. On June 1, 2011, Ben Barbato, a Judge of the Civil Court of the City of New York, issued an order vacating the default judgment against Mr. Musah and provided Mr. Musah with an opportunity to file an answer.

24. On June 1, 2011, Mr. Musah filed a pro se answer, once again stating that he had never been served with the summons and complaint, that he had and has no business relationship with FCC National Bank, and that he did and does not owe a debt to FCC National Bank.

25. Soon thereafter, on or about June 15, 2011, Houslanger voluntarily discontinued the Bronx Civil Court action against Mr. Musah.

26. Houslanger knew or should have known that no assignment of judgment had been filed in the Bronx County action.

27. Houslanger knew or should have known that without an assignment of judgment being filed, it was not able to rely on the authority of the New York City Civil Court to enforce the judgment through the use of an information subpoena and restraining notice.

28. Despite this knowledge, Houslanger falsely represented in the Information Subpoena and

Restraining Notice, that it was authorized to enforce the judgment entered in favor of FCC National Bank.

29. Upon information and belief, Houslanger did not take any steps to review the Bronx County court file or the file of the County Clerk to ensure that an assignment of judgment had been filed.

30. Upon information and belief, Houslanger's use of an information subpoena and restraining notice to enforce a judgment on behalf of an assignee without filing an assignment of judgment or taking steps to ensure that an assignment has been filed, far from an anomaly, is part of the business plan developed by Houslanger, who has found that compliance with the CPLR and meaningful pre-enforcement review is not as profitable as serving information subpoenas and restraining notices without review, because the overwhelming majority of consumer collection judgments are enforced against *pro se* judgment debtors who are, as a practical matter, incapable of meaningfully challenging even the most inaccurate, false, and deficient, enforcement instruments.

## FIRST CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.***

31. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

32. By serving the Information Subpoena and Restraining Notice which purported to be done on behalf of Palisades Collections, LLC, Defendant Houslanger violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.*

33. Houslanger violated the FDCPA by using false, deceptive and misleading representations in connection with the collection of a debt, in violation of 15 U.S.C. § 1692(e), by representing

that Houslanger had the right to restrain Mr. Musah's bank account;

34. Houslanger violated the FDCPA by making a false representation as to the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A). A person other than the party recovering a judgment who becomes entitled to enforce it [here, Palisades Collections, LLC] must file with the County Clerk a copy of the instrument on which his authority is based, acknowledged in the form required to entitle a deed to be recorded. Absent such a filing, Palisades Collections, LLC (hereinafter, "Palisades") would have no legal entitlement to enforce the judgment. Houslanger's service of the Information Subpoena and Restraining Notice was a false representation, inasmuch as Houslanger knew or should have known that Palisades had made no such filing with the County Clerk and that Houslanger was not therefore legally entitled to take any steps to enforce the judgment.

35. Houslanger, a law office, violated the FDCPA by sending out a debt collection communication without conducting a meaningful review of the court file, in violation of 15 U.S.C. §1692e(3)

36. Houslanger violated the FDCPA by taking action that cannot legally be taken; in violation of 15 U.S.C. §1692e(5)

37. Houslanger violated the FDCPA by the use of a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, in violation of 15 U.S.C. § 1692e(10). By serving Chase with the Information Subpoena and Restraining Notice, Houslanger was making false representations to Chase, in order to gather information about Mr. Musah.

38. Houslanger violated the FDCPA by engaging in an unfair and unconscionable practice, in

that in violation of 15 U.S.C. § 1692f, Houslanger, in serving Chase with the Information Subpoena and Restraining Notice, without having first taken steps to assure that Palisades had a present right to possession of the funds in question.

39. Houslanger violated the FDCPA by the attempt to collect the debt without having made a prior filing with the County Clerk, in violation of 15 U.S.C. § 1692f(1), which prohibits collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law. Attempting to collect a debt without a lawful assignment of that debt is a violation of 15 U.S.C. § 1692f(1);

39. Houslanger violated the FDCPA by causing Mr. Musah's bank account to be restrained, in violation of 15 U.S.C. § 1692f(6), which prohibits taking any nonjudicial action to effect dispossession or disablement of property if there is no present right to possession of the property claimed as collateral through an enforceable security interest; the bank restraint was without right of possession, in absence of a notice of assignment.

40. As a result of these violations of the FDCPA, Mr. Musah has suffered actual damages, including, without limitation:

    a. Economic losses associated with postponing his trip to Ghana;

    b. Mental anguish, in that he was, by the actions of the Defendant, separated from his mother during her serious illness;

    c. stress and anxiety, including loss of sleep;

    d. banking fees; and

    e. legal fees.

41. As a result of these violations, Mr. Musah is entitled to statutory damages of up to $1,000.00, actual damages, and attorney's fees and costs.

## SECOND CAUSE OF ACTION

### Judiciary Law § 487

42. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

43. Upon information and belief, Houslanger was guilty of deceit in the State Action.

44. Houslanger perpetrated this deceit with intent to deceive the state court, and Mr. Musah.

45. Specifically, upon information and belief, Houslanger knowingly and falsely represented that he had authority to collect a judgment obtained by FCC National Bank when he knew or should have known that its client Palisades Collections LLC had never taken the steps necessary to obtain authority to collect on that judgment. Before representing that the judgment had been assigned to Palisades, Houslanger had a duty to meaningfully review the facts and make a reasonable inquiry into the status of the assignment, before employing the power of the State Courts in restraining Mr. Musah's bank account.

46. As a result of these false representations, Mr. Musah has suffered actual damages, including, without limitation:

    a. Economic losses associated with postponing his trip to Ghana;

    b. Mental anguish, in that he was, by the actions of the Defendant, separated from his mother during her serious illness;

    c. stress and anxiety, including loss of sleep;

    d. banking fees; and

    e. legal fees.

47. Houslanger's false representations are, as described above, part of a larger, recurring policy and practice that is designed and has the effect of increasing Houslanger's profits by

increasing the number of consumer accounts handled, and lowering the cost of handling each account.

48.     Mr. Musah is entitled to treble his damages as a result of Houslanger's violations of Judiciary Law § 487, reasonable attorney's fees, and costs.

**WHEREFORE** plaintiff respectfully requests that this Court award:

(a) On the FIRST CAUSE OF ACTION (FDCPA), Declaratory Judgment that Defendants' conduct violated the FDCPA, actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692 k;

(b) On the SECOND CAUSE OF ACTION (JUDICIARY LAW § 487), treble damages, costs and reasonable attorney's fees.

(c)     Such other and further relief as law or equity may provide.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated: April 23, 2012
White Plains, New York

Respectfully Submitted,

Elizabeth Shollenberger
*Attorney for Plaintiff*
SCHLANGER & SCHLANGER, LLP
343 Manville Road
Pleasantville, NY 10570
Telephone: 914-946-1981, ext. 103
Facsimile: 914-946-2930
Email: eshollenberger@schlangerlegal.com