1965625

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

ZAKARI MUSAH,                                          :

      Plaintiff,                                     :   12-CV-3207 (RWS)

      vs.                                            :

HOUSLANGER & ASSOCIATES, PLLC,          :

      Defendant.                                     :

-------------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

KAUFMAN BORGEEST & RYAN LLP
Attorneys for Defendant
HOUSLANGER & ASSOCIATES, PLLC
120 Broadway, 14th Floor
New York, New York 10271
Tel: (212) 980-9600
KBR File No. 252.005

Of Counsel:

      Jonathan B. Bruno, Esq.
      Deborah Michelle Zawadzki, Esq.

## TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

FACTUAL ALLEGATIONS ............................................................................................... 1

LEGAL STANDARD ......................................................................................................... 2

ARGUMENT ..................................................................................................................... 3

    POINT I

    PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE
    FAIR DEBT COLLECTION PRACTICES ACT ........................................................... 3

    POINT II

    PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF
    JUDICIARY LAW § 487 ............................................................................................... 7

CONCLUSION ................................................................................................................. 9

1963770

## TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

Atkins v. County of Orange,
251 F. Supp.2d 1225 (S.D.N.Y. 2003). ........................................................................... 2

Bell Atlantic Corp. v. Twombly,
550 U.S. 544, 127 S. Ct. 1955, 1969 (2007) ................................................... 2, 3, 6, 7

Briarpatch Ltd., L.P. v. Frankfurt Garbus Klein & Selz, P.C.,
13 A.D.3d 296, 787 N.Y.S.2d 267 (1st Dept. 2004) ..................................................... 7

Chambers v. Time Warner, Inc.,
282 F.3d 147, 152-54 (2d Cir. 2002) ............................................................................ 5

Davis v. County of Nassau,
355 F. Supp.2d 668 (E.D.N.Y. 2005) ........................................................................... 2

DeStaso v. Condon Resnick LLP,
90 A.D.3d 809, 936 N.Y.S.2d 51 (2d Dept. 2011) ....................................................... 7

Eckhaus v. Blauner,
1997 WL 362166 (S.D.N.Y.) ..................................................................................... 4, 8

Elektra Entertainment Group, Inc. v. Santangelo,
2008 WL 4452393 (S.D.N.Y.) ............................................................................... 3, 6, 7

Estate of Steinberg v. Harmon,
259 A.D.2d 318, 686 N.Y.S.2d 423 (1st Dept. 1999) .................................................. 8

Foti v. NCO Fin. Sys., Inc.,
424 F.Supp.2d 643 (S.D.N.Y. 2006) ............................................................................ 5

Frank v. Pepe,
186 Misc.2d 377, 717 N.Y.S.2d 873 (Supreme Nassau 2000) .................................... 7

Gelmin v. Quicke,
224 A.D.2d 481, 638 N.Y.S.2d 132 (2d Dept. 1996) ................................................... 7

Gryl ex rel. Shire Pharmaceuticals Group PLC v. Shire Pharmaceuticals Group PLC,
298 F.3d 136, 140 (2d Cir. 2002) ................................................................................. 5

Hahn v. Triumph Partnerships LLC,
557 F.3d 755 (7th Cir. 2009) ........................................................................................ 6

Hanlon v. MacFadden Publications, Inc.,
302 N.Y.502, 509, 99 N.E.2d 546,549 (1951) ............................................................. 7

Havell v. Islam,
292 A.D.2d 210, 739 N.Y.S.2d 371 (1st Dept. 2002) .................................................. 8

In re Schubert,
1992 WL 112351 (S.D.N.Y.) ................................................................................. 3, 4, 6

Iqbal v, Hasty,
490 F.3d 143 (2d Cir. 2007) ......................................................................................... 2

Lane v. Fein, Such and Crane, LLP,
767 F.Supp.2d 382 (E.D.N.Y. 2011) ............................................................................ 6

1963770

Law Research Serv., Inc. v. Martin Lutz Appellate Printers,
498 F.2d 836 (2d Cir. 1974)..................................................................................... 3, 4

Leemon v. Burns,
175 F. Supp.2d 551 (S.D.N.Y. 2001) ............................................................................. 2

Mecca v. Shang,
258 A.D.2d 569, 685 N.Y.S.2d 458 (2d Dept. 1999) ..................................................... 8

Ochs v. Woods,
221 N.Y. 335, 338 (1917) ............................................................................................. 7

Oscar v. Professional Claims Bureau, Inc.,
2012 WL 2367128 (E.D.N.Y.) ................................................................................... 5, 6

Smith v. Local 819 I.B.T. Pension Plan,
291 F.3d 236 (2d Cir. 2002)........................................................................................... 2

Tawil v. Wasser,
21 A.D.3d 948, 801 N.Y.S.2d 612 (2d Dept. 2005) ...................................................... 7

Tri City Roofers, Inc. v. Northeastern Industrial Park,
61 N.Y.2d 779 (1984) ............................................................................................. 3, 4, 8

## Statutes

CPLR § 3211(a)(7) ....................................................................................................... 7, 8

CPLR § 5109(c)............................................................................................................ 3, 4

CPLR § 5222(a) ................................................................................................................ 4

CPLR § 5222-a............................................................................................................. 4, 5

Fair Debt Collection Practices Act ("FDCPA") § 1692e ............................................ 3, 5, 6

FDCPA § 1692e(2) ............................................................................................................ 3

FDCPA § 1692e(2)(A) ...................................................................................................... 5

FDCPA § 1692e(3) ........................................................................................................ 3, 6

FDCPA § 1692e(5) ........................................................................................................ 3, 5

FDCPA § 1692e(10) ...................................................................................................... 3, 6

FDCPA § 1692f ............................................................................................................. 3, 5

FDCPA § 1692f(1) ............................................................................................................. 3

FDCPA § 1692f(6) ............................................................................................................. 3

N.Y. Judiciary Law § 487 ............................................................................................ 1, 7, 8

## Rules

FED. R. CIV. P. 12(b)(6)................................................................................................. 1, 2

## Other Authorities

Siegel, David D.
New York Civil Practice, CPLR, Judgments Generally, §5019.16, August 2005 ......................... 3

1963770

## PRELIMINARY STATEMENT

Defendant, HOUSLANGER & ASSOCIATES, PLLC (hereinafter "H&A"), submits this memorandum of law in support of its motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This action is nothing more than a fruitless, novel attempt by plaintiff to allege an FDCPA violation where no such violation exists. Plaintiff misinterprets the law in alleging that because "upon information and belief, an assignment of judgment was never filed," the assignment of his debt is somehow invalid and H&A's client, the assignee, could not lawfully enforce the valid judgment that was entered against him in 1997 in the Civil Court of the City of New York, Bronx County. The filing of an assignment is for the benefit of the creditor, not the debtor. Therefore, whether an assignment was filed or not did not prevent H&A from attempting to enforce the judgment against plaintiff on behalf of its client, and its service of an Information Subpoena and Restraining Notice did not constitute an FDCPA violation. Further, plaintiff's claim pursuant to Judiciary Law § 487 is woefully inadequate and contains nothing more than conclusory allegations and a recitation of the elements of the claim, and must therefore be dismissed.

## FACTUAL ALLEGATIONS

In May 2011, plaintiff learned that a restraint had been placed on his account by way of an Information Subpoena and Restraining Notice ("subpoena"), dated May 13, 2011, and issued to JP Morgan Chase, N.A. ("Chase"). See Complaint, ¶ 10, annexed to the Affidavit to the Affidavit of Jonathan B. Bruno ("Bruno Aff.") as Ex. A. The subpoena, signed by Todd E. Houslanger, Esq. of H&A, was an attempt to collect a 1997 judgment entered against plaintiff in the Civil Court of the City of New York, Bronx County, in the matter entitled "FCC National Bank v. Zakari A. Musah," Index No. 5162/97 ("underlying action"). See Bruno Aff., Ex. A, ¶ 11. It is undisputed that the subpoena stated that the current judgment creditor/assignee was Palisades Collections, LLC ("Palisades"). See Bruno Aff., Ex. A, ¶ 12. Plaintiff's counsel claims that it was unable to locate the court file in the underlying action and that there was no record in the County

Clerk's office of any filing by Palisades regarding the judgment in the underlying action.  See Bruno Aff., Ex. A, ¶¶ 14, 15.  Plaintiff states that "upon information and belief," Palisades Collections, LLC did not file an assignment with the court.  See Bruno Aff., Ex. A, ¶ 18.

On or about May 23, 2011, plaintiff filed an order to show cause to lift the restraint on his bank account and vacate the default judgment against him.  See Bruno Aff., Ex. A, ¶ 22.  The default judgment was vacated on June 1, 2011, plaintiff interposed an answer, and, thereafter, H&A, on behalf of its client, voluntarily discontinued the underlying action against plaintiff.  See Bruno Aff., Ex. A, ¶¶ 23-25.  Plaintiff alleges that the restraint on his bank account delayed him from visiting his sick mother in Ghana, resulting in costs of approximately $1,500 and mental anguish.  See Bruno Aff., Ex. A, ¶ 20.

## LEGAL STANDARD

The dismissal of a Complaint is warranted under FED. R. CIV. P. 12(b)(6) where it is beyond doubt that plaintiff cannot prove any set of facts which would entitle it to relief, even accepting as true all allegations in the Complaint and drawing all reasonable inferences in plaintiff's favor.  See Leemon v. Burns, 175 F. Supp.2d 551 (S.D.N.Y. 2001).  "'[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'"  See Davis v. County of Nassau, 355 F. Supp.2d 668 (E.D.N.Y. 2005) quoting Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236 (2d Cir. 2002); see also Atkins v. County of Orange, 251 F. Supp.2d 1225 (S.D.N.Y. 2003).

The Supreme Court has held that to survive a motion to dismiss, a Complaint must include "enough facts to state a claim to relief that is plausible on its face."  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1969 (2007) [emphasis added]; see also Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007).  In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  See Bell Atlantic Corp., supra.  Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels

2

1962715

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.; see also Elektra Entertainment Group, Inc. v. Santangelo, 2008 WL 4452393 (S.D.N.Y.).

## ARGUMENT

### POINT I

### PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff alleges that H&A violated Fair Debt Collection Practices Act ("FDCPA") § 1692e, and, more specifically, sections e(2), e(3), e(5) and e(10), as well as § 1692f, 1692f(1) and 1692f(6).  For the reasons set forth herein, plaintiff has failed to state allegations sufficient to sustain a claim for a violation of Sections 1692e and f, and the Complaint must be dismissed in its entirety.

Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  Essentially, plaintiff is alleging that because, "upon information and belief," Palisades never filed an assignment, H&A violated the FDCPA by serving the subpoena on plaintiff to enforce the judgment in the underlying action.  Plaintiff premises this theory on CPLR § 5109(c), which provides that a "person other than the party recovering a judgment who becomes entitled to enforce it, shall file...a copy of the instrument on which his authority is based, acknowledged in the form required to entitle a deed to be recorded."  However, the Court of Appeals has interpreted the intent of CPLR § 5019(c) as merely a way "to establish the assignee's authority to enforce the judgment," not as a condition precedent to the enforcement of a judgment.  See Tri City Roofers, Inc. v. Northeastern Industrial Park, 61 N.Y.2d 779 (1984); see also New York Civil Practice, CPLR, Judgments Generally, §5019.16, August 2005, by David D. Siegel.  Importantly, CPLR § 5109(c) "is clearly intended for the benefit of the assignee" and "was not meant to benefit the debtor, should the assignment not be recorded."  See In re Schubert, 1992 WL 112351 (S.D.N.Y.); see also Law Research Serv., Inc. v. Martin Lutz Appellate Printers, 498

3

F.2d 836 (2d Cir. 1974).  Therefore, contrary to plaintiff's contentions, this court has held that "CPLR § 5109(c) does not require assignments to be recorded."  See Eckhaus v. Blauner, 1997 WL 362166 (S.D.N.Y.).  As such, a judgment can be enforced without first filing an assignment. See Tri City Roofers, Inc., supra.

Plaintiff is not alleging that the underlying judgment, which H&A sought to enforce, was not valid; rather, plaintiff is claiming that Palisades could not enforce the judgment because an assignment was not filed.  See Bruno Aff., Ex. A, ¶¶ 27, 28, 34.  Based on the governing case law interpreting CPLR § 5109(c), whether or not an assignment was filed has no bearing on the validity of the judgment entered against plaintiff or H&A's ability to enforce it, including seeking a restraint on plaintiff's bank account.  Plaintiff erroneously asserts that absent a filing of the assignment by Palisades, Palisades "would have no legal entitlement to enforce the judgment." See Bruno Aff., Ex. A, ¶ 34.  However, the filing of an assignment is meant to protect an assignee "against payment of the judgment to the wrong party" so that a subsequent assignee who relies on the court docket does not take precedence; the filing of an assignment is not a requirement for the assignee to be able to enforce the judgment.  See Law Research Serv., Inc., supra; In re Schubert, supra; Tri City Roofers, Inc., supra.

Moreover, plaintiff is not alleging that: (1) a valid assignment was not in place between the assignor and assignee, in this case, FCC National Bank and Palisades; (2) that Palisades is not the bona fide assignee; or (3) that Palisades does not own the judgment.  The existence of an assignment between FCC National Bank and Palisades is demonstrated by the plain language in the subpoena, which provides that "the judgment was recorded by FCC National Bank" and "the current judgment creditor/assignee is Palisades Collections, LLC."  See Bruno Aff., Ex. A, ¶ 12 and Ex. B.  Plaintiff does not dispute these facts.  Plaintiff also does not allege that H&A failed to act pursuant to and in compliance with CPLR §§ 5222(a) and 5222-a, respectively, which govern the issuance and service of restraining notices to enforce a money judgment.  Therefore, it is undisputed that the judgment was entered and in full force when

4

1962715

H&A acted pursuant to and in compliance with the provisions of CPLR § 5222-a when he issued the Information Subpoena & Restraining Notice.  Plaintiff's only complaint is that the assignment was purportedly not filed.  As such, plaintiff's claims under Section 1692f must necessarily fail, as Palisades' right to the judgment was expressly authorized by the assignment from FCC National – whether it was filed or not – and Palisades had the present right to possession of the money restrained from plaintiff's bank account to enforce the assignment.  In addition, although Section 1692f "allows the court to sanction improper conduct that the FDCPA fails to address specifically, the allegations in plaintiff's Complaint lack factual support that H&A engaged in "unfair or "unconscionable" conduct beyond what plaintiff has already alleged in support of his Section 1692e claims, and, therefore, plaintiff's Section 1692f claim must also be dismissed.  See Oscar v. Professional Claims Bureau, Inc., 2012 WL 2367128 (E.D.N.Y.), citing Foti v. NCO Fin. Sys., Inc., 424 F.Supp.2d 643 (S.D.N.Y. 2006).

Since the filing of an assignment has no impact on the validity of the assignment or the underlying judgment, H&A did not violate FDCPA Sections 1692e(2)(A) or e(5).  H&A took legal action to restrain plaintiff's bank account in an effort to enforce the judgment in the underlying action.  See Bruno Aff., Ex. B.  Exhibit B to the Bruno Affidavit, which is the Information Subpoena and Restraining Notice, is referenced several times and quoted in the Complaint.  In reviewing a motion to dismiss for failure to state a claim, a court may consider allegations in the complaint, exhibits attached to the complaint or incorporated therein by reference, matters of which judicial notice may be taken, and documents of which Plaintiff has notice and on which it relied in bringing its claim or that are integral to its claim. See Gryl ex rel. Shire Pharmaceuticals Group PLC v. Shire Pharmaceuticals Group PLC, 298 F.3d 136, 140 (2d Cir. 2002) citing Chambers v. Time Warner, Inc., 282 F.3d 147, 152-54 (2d Cir. 2002).

Further, H&A's service of the subpoena on Chase was also done in furtherance of its efforts to collect a valid judgment, pursuant to a valid assignment.  Plaintiff admits that the subpoena indentified the action in which the judgment against plaintiff was enforced, FCC

5

National Bank v. Musah, Bronx Civil Court, Index No. 5162/97, that the judgment was recorded by FCC National Bank (the judgment creditor against plaintiff) and entered in the court on April 21, 1997 in the amount of $3,972.35, that the judgment remained unpaid, and that the "current judgment creditor/assignee is Palisades." See Bruno Aff., Ex. A, ¶¶ 11, 12 and Ex. B. Therefore, plaintiff's claim pursuant to Section 1692e(10) cannot stand, as H&A was not using any false representation or deceptive means to obtain information concerning plaintiff from Chase. Moreover, plaintiff merely recites the elements of a Section 1692e(3) and e(10) claim, without supporting factual allegations, which are insufficient to sustain his claims. See Bell Atlantic Corp., supra; Elektra Entertainment Group, Inc., supra.

Even assuming *arguendo* that the statement in the subpoena indicating that Palisades was the assignee was misleading pursuant to the "least sophisticated consumer standard" used to analyze Section 1692e claims, a point not conceded, the statement was not materially false or misleading, which is necessary to constitute a violation of § 1692e. In Lane v. Fein, Such and Crane, LLP, 767 F.Supp.2d 382 (E.D.N.Y. 2011), the court referenced the Seventh Circuit's holding in Hahn v. Triumph Partnerships LLC, 557 F.3d 755 (7th Cir. 2009), which required that "a statement must be *materially* false or misleading to violate Section 1692e," along with related decisions from the Sixth Circuit and Minnesota District Court. See also Oscar, supra. Here, whether Palisades or FCC was the assignee was not material to plaintiff, as it is undisputed that the judgment, as entered against plaintiff in the underlying action, was valid, and could be enforced against plaintiff. The subpoena referenced the underlying action in which the judgment was entered against plaintiff, when the judgment was entered, and the amount of the judgment. To whom plaintiff paid the judgment was immaterial, as the filing of an assignment is for the benefit of the assignee – here, Palisades – not the debtor, plaintiff. See In re Schubert, supra; see also Bruno Aff., Ex. B.

Based on the foregoing, plaintiff's Complaint must be dismissed in its entirety with prejudice.

6

POINT II

**PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF JUDICIARY LAW § 487**

Plaintiff has also failed to state a claim under Judiciary Law § 487.  N.Y. Judiciary Law § 487 provides that an attorney who either: (1) acts with or consents to any deceit or collusion against a court or a party; or (2) willfully delays his client's suit with a view to his own gain is guilty of a misdemeanor and is liable for treble damages to the aggrieved party.  The elements of a deceit claim are the same elements that constitute a cause of action for fraud, namely "representation, falsity, scienter, deception and injury."  See Tawil v. Wasser, 21 A.D.3d 948, 801 N.Y.S.2d 612 (2d Dept. 2005); Gelmin v. Quicke, 224 A.D.2d 481, 638 N.Y.S.2d 132 (2d Dept. 1996).  See also Hanlon v. MacFadden Publications, Inc., 302 N.Y.502, 509, 99 N.E.2d 546,549 (1951); Ochs v. Woods, 221 N.Y. 335, 338 (1917).  In addition, the courts require a showing of "chronic, extreme pattern of legal delinquency" in order to state a viable Judiciary Law § 487 claim.  See Frank v. Pepe, 186 Misc.2d 377, 717 N.Y.S.2d 873 (Supreme Nassau 2000).

Here, plaintiff alleges that H&A had "intent to deceive the state court and [plaintiff] by, "upon information and belief," representing that he had authority to collect the judgment against plaintiff, and that H&A's "false representations" are part of a "recurring policy and practice designed" to increase H&A's profits.  See Bruno Aff., Ex. A, ¶¶ 44, 45, 47.  These are nothing more than conclusory allegations, which are insufficient to sustain his cause of action.  See Bell Atlantic Corp., supra; Elektra Entertainment Group, Inc., supra.

In Briarpatch Ltd., L.P. v. Frankfurt Garbus Klein & Selz, P.C., 13 A.D.3d 296, 787 N.Y.S.2d 267 (1st Dept. 2004), the First Department affirmed the dismissal, pursuant to CPLR § 3211(a)(7), of plaintiff's Judiciary Law § 487 claim.  The court noted that dismissal was warranted because "plaintiffs' assertions of scienter [were] conclusory, lacking sufficient facts to support such an inference."  In DeStaso v. Condon Resnick LLP, 90 A.D.3d 809, 936 N.Y.S.2d 51 (2d Dept. 2011), the Second Department dismissed plaintiff's Judiciary Law § 487 because

7

"the complaint did not contain allegations of fraud or deceit sufficient to state a cause of action under that section." Similarly, in Mecca v. Shang, 258 A.D.2d 569, 685 N.Y.S.2d 458 (2d Dept. 1999) the court also dismissed plaintiff's Judiciary Law § 487 pursuant to CPLR § 3211(a)(7), because it was not supported by allegations of deceit sufficient to state a cause of action to recover damages.  Based on the governing case law, plaintiff's conclusory allegations, most of which is "upon information and belief," cannot sustain the claim.  Moreover, H&A had authority to collect the judgment against Musah, as the filing of an assignment is not a prerequisite to enforcement of the judgment, so there necessarily was no deceit upon either plaintiff or the court.  See Tri City Roofers, supra; Eckhaus, supra.

Regarding the showing of a chronic and extreme pattern of delinquency, the First Department in Estate of Steinberg v. Harmon, 259 A.D.2d 318, 686 N.Y.S.2d 423 (1st Dept. 1999), affirmed the trial court's decision dismissing plaintiff's Judiciary Law § 487 claim.  The First Department found that plaintiff had failed to "allege facts showing "a chronic, extreme pattern of delinquency" necessary to sustain the claim.  Id. [internal citations omitted]; see also Havell v. Islam, 292 A.D.2d 210, 739 N.Y.S.2d 371 (1st Dept. 2002) (holding that the allegations in the complaint "failed to establish a chronic and extreme pattern of legal delinquency").  Here, there are no factual allegations to support plaintiff's conclusory allegation that H&A's alleged "false representations" are part of a "chronic, extreme pattern of legal delinquency," and the claim must be dismissed.

## CONCLUSION

WHEREFORE, it is respectfully requested that plaintiff's Complaint be dismissed in its entirety with prejudice, and that H&A be awarded attorneys' fees and costs along with such further relief as this Court may deem just and proper.

Dated: New York, New York
        August 20, 2012

<div style="margin-left:40%">

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

By:_____
        Jonathan B. Bruno
        Deborah M. Zawadzki
Attorneys for Defendant
Houslanger & Associates, PLLC
120 Broadway, 14th Floor
New York, New York 10271
(212) 980-9600
KBR File No.: 252.005

</div>

To:     Elizabeth Shollenberger, Esq.
        Schlanger  & Schlanger, LLP
        Attorneys for Plaintiff
        343 Manville Road
        Pleasantville, NY 10570
        (914) 946-1981

1962715