UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZAKARI MUSAH,<br>         Plaintiff,<br><br>v.<br><br>HOUSLANGER & ASSOCIATES, PLLC,<br><br>         Defendant. | AMENDED COMPLAINT<br><br>JURY TRIAL DEMANDED<br><br>Index: 12-CIV-3207<br><br>Hon. Robert W. Sweet |

### INTRODUCTION

1.      This is an action for money damages and declaratory judgment, brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and New York's Judiciary Law.

### JURISDICTION AND VENUE

2.      Jurisdiction is conferred by 15 U.S.C. § 1692k.

3.      Supplemental jurisdiction exists for the state law claims pursuant to 28 USC § 1367.

4.      Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5.      Venue in this District is proper because the Plaintiff lives here and Defendants transact business here, and the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### PARTIES

6.      Plaintiff Zakari Musah (hereinafter "Mr. Musah" or "Plaintiff") is a natural person who has resided at all relevant times in the Bronx, New York.

7.      Mr. Musah is a consumer as defined by 15 U.S.C. § 1692a(3).

8.      Houslanger & Associates, PLLC (hereinafter, "Houslanger" or "Defendant") is a New York law office, with its principal place of business at 372 New York Avenue, Huntington, NY

11743.

9. Houslanger's principal business is the collection of debts, and it regularly attempts to collect debts alleged to be due another. A web search reveals that Houslanger describes itself on a local business directory (http://www.thumbtack.com/ny/huntington/law-firms/collection-lawyer) as "a collection law firm focusing on all areas of creditors' rights across the entire State of New York. We specialize in judgment executions. Our clients include businesses, professionals, attorneys, individuals, banks, and all other entities who are seeking to collect upon a debt owed to them." In sum, Houslanger is a debt collector as defined by 15 U.S.C. § 1692a(6).

## FACTS

10. In May of 2011, Mr. Musah learned that a restraint had been placed on his bank account at J.P. Morgan Chase N.A. (hereinafter "Chase"), by means of an Information Subpoena and Restraining Notice dated May 13, 2011 (hereinafter, the "Information Subpoena and Restraining Notice.")

11. The Information Subpoena and Restraining Notice was signed by attorney Todd E. Houslanger, on behalf of Defendant Houslanger and purported to be an attempt to collect a 1997 judgment entered against Mr. Musah under the following Bronx County Civil Court caption and index number: FCC National Bank v. Zakari A. Musah, Index No. 5162/97.

12. The Information Subpoena and Restraining Notice states on its face that "The current judgment creditor/assignee is Palisades Collections, LLC."

13. Upon information and belief, no written assignment of the judgment exists.

14. Upon information and belief, there was no valid assignment of the judgment from FCC National Bank to Palisades Collections, LLC (hereinafter "Palisades").

15. Prior to Mr. Musah's learning of the Information Subpoena and Restraining Notice from his bank, Mr. Musah had had no prior notice of the existence of this judgment against him, or that he had been sued

16. To the best of his knowledge, Mr. Musah has not ever had any interaction with the original plaintiff in the Civil Court action, FCC National Bank, and has never owed a debt to any such entity

17. Prior to Houslanger's initiation of collection action against Mr. Musah on behalf of Palisades, Mr. Musah did not receive notice that the judgment had been assigned to Palisades.

18. New York's Civil Practice Law and Rules Section 5019(c) provides that "a person other than the party recovering a judgment who becomes entitled to enforce it, shall file in the office of the clerk of the court in which the judgment was entered or, in the case of a judgment of a court other than the supreme, county or a family court which has been docketed by the clerk of the county in which it was entered, in the office of such county clerk, a copy of the instrument on which his authority is based, acknowledged in the form required to entitle a deed to be recorded, or, if his authority is based on a court order, a certified copy of the order. Upon such filing the clerk shall make an appropriate entry on his docket of the judgment."

19. There is no record in the office of the County Clerk for the County of the Bronx of any filing by Palisades with respect to the judgment in FCC National Bank v. Zakari A. Musah, Index No. 5162/97.

20. Plaintiff's counsel made several attempts to locate the court file for Index No. 5162/97 with the Clerk of the Court for New York City Civil Court, Bronx County, but was repeatedly told that no records were returned from archives for this matter and that the Bronx Civil Court Clerk's office was not in possession of the file.

21. By letter dated February 1, 2012, Plaintiff's counsel was informed by the office of the Chief Clerk of the New York City Civil Court that the Department of Records and Investigation Services, the agency responsible for the storage and retrieval of archived court records, was unable to locate the file in its facility.

22. Plaintiff's counsel also contacted Defendant Houslanger prior to bringing this action and inquired as to whether Houslanger had a copy of the Court file, including the Assignment of Judgment. Defendant Houslanger indicated that he did not have a copy of any such documents.

23. Upon information and belief, an assignment of judgment did not exist, and was never filed with either the Court or with the County Clerk, as is required by CPLR 5019(c).

24. Mr. Musah encountered the restraint on his bank account as he was about to embark on a trip to Ghana to visit his extremely sick mother.

25. Because his funds were restrained, Mr. Musah was forced to postpone his trip to Ghana, which caused him great mental anguish at being separated from his mother when she needed her family's presence.

26. Mr. Musah also suffered money damages, in that he was forced to rebook his flight, losing the benefit of a lower priced ticket. He lost some $1500 because of the delay of his trip and the need to purchase a last-minute airline ticket.

27. Mr. Musah sought to lift the restraint on his bank account. On or about May 23, 2011, he filed a pro se order to show cause in the Bronx County Civil Court, stating, in essence, that he had never received court papers in the action, that he had no knowledge of owing a debt to FCC National Bank, and that he sought to vacate the judgment and return the case to the court's calendar, so that he could file an answer and defend himself against the charges.

28. On June 1, 2011, Ben Barbato, a Judge of the Civil Court of the City of New York, issued

an order vacating the default judgment against Mr. Musah and provided Mr. Musah with an opportunity to file an answer.

29. On June 1, 2011, Mr. Musah filed a *pro se* answer, once again stating that he had never been served with the summons and complaint, that he had no business relationship with FCC National Bank, and that he did not owe a debt to FCC National Bank.

30. Soon thereafter, on or about June 15, 2011, Houslanger voluntarily discontinued the Bronx Civil Court action against Mr. Musah.

31. In the course of the Bronx County action, Houslanger never produced a copy of the assignment of the judgment from FCC National Bank to Palisades.

32. Nor did Houslanger produce a copy of the assignment in response to Plaintiff's counsel's requests for a copy of the file prior to initiation of this lawsuit.

33. Houslanger knew or should have known that no assignment of judgment existed and that none had been filed in the Bronx County Court action.

34. Without an assignment of judgment and without its having been filed, Houslanger was not able to rely on the authority of the New York City Civil Court to enforce the judgment through the use of an information subpoena and restraining notice.

35. Houslanger knew or should have known that Mr. Musah had not been notified of the assignment to Palisades at the time Houslanger took collection action against Mr. Musah.

36. Specifically, and without limitation, lacking any record of a filed assignment of judgment and accompanying affidavit of service, Houslanger could not presume that such notice had been given as part of the process of filing of the assignment with the Court.

37. Nor did Houslanger have any other record of Mr. Musah being notified.

38. Houslanger knew or should have known that in the absence of notification to the

consumer of a change in the identity of the creditor, Houslanger was not able to rely on the authority of the New York City Civil Court to enforce the judgment on behalf of a purported judgment assignee through the use of an information subpoena and restraining notice.

39. Houslanger falsely represented in the Information Subpoena and Restraining Notice, that it was authorized to enforce the judgment entered in favor of FCC National Bank.

40. Upon information and belief, Houslanger did not take any steps to review the files of its client (Palisades) or the Bronx County court file or the file of the County Clerk to ensure that an assignment of judgment had been made and filed in the case against Mr. Musah.

41. Upon information and belief, Houslanger's use of an information subpoena and restraining notice to enforce a judgment on behalf of an alleged assignee (a) without Houslanger's knowing that an assignment of judgment existed, (b) without any notification having been given to the judgment debtor and (c) without filing an assignment of judgment or taking steps to ensure that an assignment has been filed, far from an anomaly, is part of the business plan developed by Houslanger, who has found that compliance with the CPLR and meaningful pre-enforcement review of consumer files is not as profitable as serving information subpoenas and restraining notices without review, because the overwhelming majority of consumer collection judgments are enforced against *pro se* judgment debtors who are, as a practical matter, incapable of meaningfully challenging even the most inaccurate, false, and deficient, enforcement instruments.

42. Indeed, Defendant Houslanger, a solo practitioner, files an extraordinarily high volume of collection actions. A review of eCourts reveals that Defendant has appeared in more than 34,000 actions since 2005.

43. Because, it is not Defendant Houslanger's practice to file an assignment when

representing entities that allege to have taken an assignment of judgment, it is impossible without discovery to know exactly how many more cases Defendant handles where he becomes counsel, post-judgment, to a judgment assignee. However, given the overall volume of his practice, Defendant's statement on his website that "we specialize in judgment executions", and the extraordinarily high volume of cases handled by Defendant Houslanger's clients, including Palisades (which, according to a report by the Urban Justice Center filed 234 cases out of a sample of 600 New York City Civil Court consumer collection cases filed in 2006, i.e. 39%) the number is virtually certain to be in the thousands.

## FIRST CAUSE OF ACTION

### Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

44. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

45. A person who steps into the shoes of a judgment creditor must do so through a written assignment of that judgment. Absent such a written assignment, the purported assignee has no legal entitlement to enforce the judgment.

46. A person other than the party recovering a judgment who becomes entitled to enforce it [here, Palisades Collections, LLC] must file with the County Clerk a copy of the instrument on which his authority is based, acknowledged in the form required to entitle a deed to be recorded.

47. Absent such a filing, Palisades had no legal entitlement to enforce the judgment.

48. Houslanger's collection actions, including inter alia its service of the Information Subpoena and Restraining Notice, was a false representation, inasmuch as Houslanger knew or should have known that no written assignment existed, and that no assignment had been filed with the County Clerk, and that Houslanger was not therefore legally entitled to take any steps to enforce the judgment. This is so, *inter alia*, because a debtor, in order to be charged with a duty

to pay a debt to an assignee, must first have actual notice of the assignment.

49. Likewise, prior to an assignee's making efforts to collect on a judgment, the judgment debtor must be provided notice of the assignment. Here, Mr. Musah was not notified. Absent such notification, Palisades had no legal entitlement to enforce the judgment.

50. By taking collection action against Mr. Musah, including but not limited to causing his bank funds to be restrained, when not legally entitled to do so, Defendant Houslanger violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq., including but not limited to:

    a.    § 1692e (barring false, deceptive, or misleading representation or means, generally),

    b.    1692e(2)(A) (prohibiting the false representation of the character, amount, or legal status of any debt; or),

    c.    §1692e(5) (prohibiting, inter alia, threatening or, by extension, taking any action that cannot legally be taken);

    d.    § 1692e(10) (prohibiting the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer);

    e.    § 1692f(1) (prohibiting collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law) and, in the alternative;

    f.    § 1692f (barring use of unfair or unconscionable means to collect or attempt to collect any debt.

51. Defendant Houslanger also violated the FDCPA by sending a communication without conducting a meaningful review the consumer's account, in violation of 15 U.S.C. §1692e(3).

52. Specifically, Houslanger sent out an Information Subpoena and Restraining Notice that bears his name and signature, but without any attorney in his office reviewing the underlying file and account, and on information and belief, without reviewing the documents themselves.

53. Indeed, on information and belief, the "signatures" appearing on the Information Subpoena and on the Restraining Notice are digitally or otherwise non-manually created to facilitate issuance of a high volume of such documents without attorney involvement.

54. This was not an isolated instance but was rather, on information and belief, part of a much larger pattern pursuant to which Defendant's high volume solo practice, with its focus squarely on "judgment execution", sends out thousands of post-judgment collection documents annually (to consumers, to banks holding consumer's funds, and others) which bear Mr. Houslanger's name and signature, but which are regularly mass produced by non-lawyers in Mr. Houslanger's firm and sent on behalf of debt collectors without meaningful attorney review of the consumer's account or any of the underlying documentation.

55. In Mr. Musah's case, Houslanger's failure to conduct any review of the file prior to sending out the documents that resulted in the wrongful restraint of Mr. Musah's account included (but was by no means limited to), failure to ascertain whether Palisades possessed a valid assignment of judgment, failure to ascertain whether a filing had been made with the Court pursuant to New York's Civil Practice Law and Rules Section 5019(c), and failure to review for any evidence that Mr. Musah had been given notice of the assignment.

56. Rather, on information and belief, Defendant Houslanger's review of Mr. Musah's file, if it occurred at all, was extraordinarily cursory and did not involve the exercise of independent attorney judgment.

57. Instead, on information and belief, like the thousands of other post-judgment collection

documents being churned out of Defendants' office, the Information Subpoena and Restraining Notice at issue here was issued on behalf of Houslanger's client (in this case, Palisades) with the push of a button, and without an attorney undertaking a meaningful, independent evaluation and analysis of either the debtor's file or the documents themselves.

58. As a result of these violations of the FDCPA, Mr. Musah has suffered actual damages, including, without limitation:

    a. Economic losses associated with postponing his trip to Ghana;

    b. Mental anguish, in that he was, by the actions of the Defendant, separated from his mother during her serious illness;

    c. Stress and anxiety, including loss of sleep;

    d. Banking fees; and

    e. Legal fees.

59. As a result of these violations, Mr. Musah is entitled to statutory damages of up to $1,000.00, actual damages, and attorney's fees and costs.

## SECOND CAUSE OF ACTION
### Judiciary Law § 487

60. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

61. Houslanger was guilty of deceit in enforcement of the judgment obtained in the State Action, including in his invocation of the Court's authority as the basis for his seizure of Mr. Musah's funds.

62. Houslanger perpetrated this deceit with intent to deceive Mr. Musah and those holding Mr. Musah's property.

63. Specifically, Houslanger knowingly and falsely invoked the authority of the state court system to collect a judgment obtained by FCC National Bank when he knew or should have known that its client Palisades Collections LLC had never taken the steps necessary to obtain authority to collect on that judgment.

64. Prior to employing the power of the State Courts in restraining Mr. Musah's bank account, Houslanger had a duty to meaningfully review the facts and make a reasonable inquiry into the existence of the assignment in favor of his client, the filing of the assignment, and whether Mr. Musah had been provided with notice of the change in creditors.

65. He did not make any such inquiry.

66. On information and belief, Houslanger's false representations are, as described above, part of a larger, recurring policy and practice of issuing post judgment collection documents resulting in seizure of consumer funds in an automated, mass-produced manner, without even minimal review as to whether supporting documentation exists or the necessary steps (e.g. filing of the judgment and notification to the judgment debtor of the assignment of the judgment to a new judgment creditor) have been taken.

67. This larger, recurring policy and practice constitutes a broad pattern of deception, and is designed and has the effect of increasing Houslanger's profits by increasing the number of consumer accounts handled, and lowering the cost of handling each account.

68. As a result of these false representations, Mr. Musah has suffered actual damages, including, without limitation:

    a. Economic losses associated with postponing his trip to Ghana;

    b. Mental anguish, in that he was, by the actions of the Defendant, separated from his mother during her serious illness;

    c.    Stress and anxiety, including loss of sleep;

    d.    Banking fees; and

    e.    Legal fees.

69.    Mr. Musah is entitled to treble his damages as a result of Houslanger's violations of Judiciary Law § 487, reasonable attorney's fees, and costs.

**WHEREFORE** plaintiff respectfully requests that this Court award:

(a) On the FIRST CAUSE OF ACTION (FDCPA), Declaratory Judgment that Defendants' conduct violated the FDCPA, actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692 k;

(b) On the SECOND CAUSE OF ACTION (JUDICIARY LAW § 487), treble damages, costs and reasonable attorney's fees.

(c) Such other and further relief as law or equity may provide.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated: December 14, 2012
New York, NY

Respectfully Submitted,

*[signature]*

Daniel A. Schlanger
Elizabeth Shollenberger
SCHLANGER & SCHLANGER, LLP
*Attorneys for Plaintiff*
9 East 40th Street
New York, NY 10016
Telephone: 914-946-1981, ext. 101
Facsimile: 914-946-2930
Email:
daniel.schlanger@schlangerlegal.com