UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

ZAKARI MUSAH,

                            Plaintiff,

   -against-

HOUSLANGER & ASSOCIATES, PLLC,

                            Defendant.

------------------------------------------X

12 Civ. 3207

OPINION

A P P E A R A N C E S:

Attorneys for Plaintiff

SCHLANGER & SCHLANGER, LLP
343 Manville Road
Pleasantville, NY 10570
By:  Elizabeth Ann Shollenberger

Attorneys for Defendant

KAUFMAN, BORGEEST & RYAN, LLP
120 Broadway, 14th Floor
New York, NY 11530
By:  Jonathan B. Bruno

**Sweet, D.J.**

Defendant Houslanger & Associates, PLLC ("Houslanger" or "Defendant"), has moved, pursuant to Fed. R. Civ. P. 12(b)(6) ("12(b)(6)"), to dismiss the amended complaint ("AC") of plaintiff Zakari Musah ("Musah" or "Plaintiff") for failure to state a claim. Based upon the conclusions set forth below, the Defendant's motion is granted in part and denied in part.

**Prior Proceedings**

On April 24, 2012, Musah filed a complaint against Houslanger asserting causes of action under (1) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); and (2) N.Y. Judiciary Law § 487 ("Section 487").

The complaint alleged that Musah received an information subpoena and restraining notice ("Information Subpoena") in May 2011 stating that a restraint had been placed upon his bank account in an attempt to collect on a 1997 judgment ("Judgment") entered in Bronx County Civil Court against Musah and in favor of a party called FCC National Bank ("FCC"). Compl. ¶ 11. The Information Subpoena, which was

1

signed by Houslanger, stated on its face that "the current judgment creditor/assignee is Palisades Collections, LLC." Id. at ¶ 11-12.

The complaint asserted that Houslanger's attempt to collect the Judgment on behalf of its client, Palisades Collections LLC ("Palisades"), constituted numerous violations of the FDCPA because Palisades had not in fact been assigned the rights to the Judgment. Specifically, Musah alleged that Houslanger: (i) falsely represented that it had the right to restrain Musah's account on behalf of Palisade, in violation of 15 U.S.C. § 1692e; (ii) falsely represented that the debt had been assigned to Palisades, in violation of 15 U.S.C. § 1692e(2)(A); (iii) sent out a debt collection communication without conducting a meaningful review of the court file, in violation of 15 U.S.C. § 1692e(3); (iv) took action that cannot legally be taken by restraining Musah's account to collect on behalf of an entity that did not have the rights to the debt, in violation of 15 U.S.C. § 1692e(5); (v) used a false representation to obtain information by serving Musah's bank with the Information Subpoena to gather information about Musah, in violation of 15 U.S.C. § 1692e(10); (vi) engaged in unfair and unconscionable practice by taking steps to restrain Musah's

bank account without assuring that Palisades had a right to the funds in question, in violation of 15 U.S.C. § 1692f; (vii) attempted to collect an unauthorized debt (since the assignment was not effective), in violation of 15 U.S.C. § 1692f(1); and (viii) took nonjudicial action to effect dispossession absent a present right to the dispossessed property by causing Musah's bank account to be restrained, in violation of 15 U.S.C. § 1692f(6). See Compl. ¶¶ 31-39.

In addition, Musah alleged that Houslanger's attempt to collect the Judgment constituted a violation of N.Y. Judiciary Law § 487 ("§487"), which "prohibits an attorney or counselor from . . . engaging in any deceit or collusion, or consenting to any deceit or collusion, with intent to deceive the court or any party . . . ." Musah I, 2012 WL 5835293, at *4.

Houslanger moved to dismiss the complaint, and in an opinion filed on November 16, 2012, the Court granted Houslanger's motion to dismiss. Musah v. Houslanger, No. 12 Civ. 3207 (RWS), 2012 WL 5835293 (S.D.N.Y. Nov. 16, 2012) ("Musah I"). In dismissing the complaint, the Court held, *inter alia*, that Musah's claims failed because they rested on the

3

erroneous premise that N.Y. C.P.L.R. § 5019(c) ("§5019(c)") required that an assignment of a judgment be filed with the court before it can be enforced by the assignee; in fact, §5019(c) "does not require that an assignment be filed with the court in order for the assignee to be entitled to enforce [a] judgment" issued against a judgment debtor. Musah I, 2012 WL 5835293, at *2-3.

Musah subsequently filed the AC, which again asserted claims under the FDCPA and §487. The AC alleged that Houslanger's attempts to collect the judgment from Musah violated these statutes because: (1) the assignment had never been filed with the court, and therefore could not be enforced by the assignee pursuant to §5019(c); and (2) Musah had never received notice of the assignment, which is a prerequisite to an assignee's ability to enforce a judgment. AC ¶¶ 44-50, 60-67. The AC also alleged that Houslanger violated the FDCPA's "meaningful review" requirement, 15 U.S.C. § 1692e(3) ("§1692e(3)"), by sending out the Information Subpoena without conducting the requisite review of the case file. Id. at 50-57.

Houslanger moved to dismiss the AC. The motion was argued and marked fully submitted on March 21, 2013.

**The Applicable Standard**

On a motion to dismiss pursuant to Rule 12(b)(6), all factual allegations in the complaint are accepted as true, and all inferences are drawn in favor of the pleader. Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993). The issue "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995) (quoting Scheuer v. Rhodes, 416 U.S. 232, 235-36, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Plaintiffs must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Though the court must accept the factual allegations of a complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual

5

allegation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

**Plaintiff Has Stated a Claim for Violations of the FDCPA**

Plaintiff's FDCPA claims are (with the exception of the claim under §1692e(3), which is addressed below) premised upon the contention that Houslanger's client, Palisades, did not have the right to collect the Judgment from Plaintiff because (1) the assignment was not filed with the court pursuant to §5019(c), and (2) Plaintiff was not notified of the assignment.

This Court has already rejected the former, holding that §5019(c) "does not require that an assignment be filed with the court in order for the assignee to be entitled to enforce [a] judgment" issued against a judgment debtor. Musah I, 2012 WL 5835293, at *2-3.  The latter, however, provides a suitable basis for Plaintiff's FDCPA claims.  The New York Court of Appeals has held that "[a] debtor, in order to be charged with a duty to pay a debt to an assignee, must first have actual notice of the assignment." Tri City Roofers, Inc. v. Northeastern Industrial Park, 61 N.Y.2d 779, 780 (1984).  Plaintiff has alleged that "[p]rior to Houslanger's initiation of collection

action against [Plaintiff] on behalf of Palisades, [Plaintiff] did not receive notice that the judgment had been assigned to Palisades," AC ¶ 17, and therefore at the time of Houslanger's collection efforts, "Houslanger was not legally entitled to take any steps to enforce the judgment," thereby rendering such attempts in violation of the FDCPA. Id. ¶ 48.

Houslanger has contended that Plaintiff's FDCPA claims fail because Houslanger did in fact give notice of the assignment to Plaintiff prior to Houslanger's attempt to enforce the Judgment. See Memorandum of Law in Support of Defendant's Motion to Dismiss the Amended Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Def. Mem.") at 6. In support of this contention, Houslanger has submitted an affidavit from Todd E. Houslanger, Esq., a member of the Houslanger law firm, attached to which is an exhibit that purports to be a letter dated May 1, 2009 (the "May 2009 Letter") mailed to Plaintiff that "stated that the original creditor on the matter was FCC National Bank and the current creditor to whom plaintiff's debt is owed is Palisades." Affidavit of Todd E. Houslanger, Esq. ("Houslanger Aff.") ¶ 4 & Ex. A.

However, Houslanger has provided no proof that the May 2009 Letter was received by Plaintiff other than asserting that the letter was in fact mailed. See Houslanger Aff. ¶ 3. As noted above, the AC has specifically alleged that Plaintiff did not receive any notice from Houslanger regarding the assignment of the judgment to Palisades prior to receiving the Information Subpoena. See AC ¶¶ 17, 35, 38, 49. Accordingly, a factual dispute exists between the parties as to whether or not Plaintiff received notice of the assignment. Such a factual dispute is "inappropriate for resolution on a motion to dismiss, where allegations are taken as true and read in a light most favorable to plaintiffs." Burns v. Delaware Charter Guarantee & Trust Co., 805 F. Supp. 2d 12, 23-24 (S.D.N.Y. 2011).[1]

Houslanger has contended that the requirement that a judgment debtor be given notice of the assignment of the judgment is satisfied merely by the act of sending notice of the assignment, regardless of whether the judgment debtor actually receives such notice. See Def. Mem. at 6. However, the

---

[1] Since the AC has stated valid claims under the FDCPA, there is no need to engage in an analysis of Houslanger's request for an award of attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), which grants a court discretion to dispense such an award in the event that "an action under th[e FDCPA] was brought in bad faith and for the purpose of harassment . . . ." Id.

8

relevant precedent indicates that the judgment debtor must receive notice of the assignment in order for this requirement to be satisfied. See Tri City Roofers, 61 N.Y.2d at 780 (holding that the judgment debtor was not obligated to pay the assignee because he had "*received* no notice of the assignment") (emphasis added); TPZ Corp. v. Dabbs, 25 A.D.3d 787, 790 (N.Y. App. Div. 2006) (holding that a debtor becomes obligated to an assignee only when "the . . . debtor *receives* notification that the amount due or to become due has been assigned") (emphasis added); Chase Bank USA, N.A. v. Cardello, 27 Misc. 3d 791, 793 (N.Y. Civ. Ct. 2010) ("The rules of this court . . . require the judgment debtor to *receive* notice of the assignment.") (emphasis added).

Moreover, the cases cited by Houslanger in support of the proposition that merely *sending* the notice is sufficient are inapposite. Burr v. Eveready Ins. Co., 253 A.D.2d 650 (N.Y. App. Div. 1998), held that where there has been testimony setting forth in detail an office practice or procedure that is followed in the regular course of business to effect the mailing a document,[2] a rebuttable presumption of receipt is created. See

---

[2] In Burr, the following testimony was deemed sufficiently detailed to give rise to a rebuttable presumption of receipt:

Id. at 651. Houslanger has not presented any such evidence, as the affidavit submitted along with the May 2009 Letter merely asserts that "[the Houslanger] firm mailed a letter to plaintiff," Houslanger Aff. ¶ 3, without providing any detail as to the particular practices and procedures that were followed by the employees of the firm in the course of drafting, printing and mailing a letter. Likewise, Mahon v. Credit Bureau, 171 F.3d 1197 (9th Cir. 1999), is unhelpful to Houslanger because it addresses a section of the FDCPA – § 1692g(a) – that requires a debt collector make certain written communications to a debtor within five days of the initial communication, see id. at 1201, and has nothing to do with the salient issue in the instant case

---

> [The] office handles numerous personal
> injury cases, and the normal routine is that
> after the claim data is gathered and entered
> in the computer, several documents are
> generated . . . . The attorney then reviews
> the correspondence, signs it, folds it into
> an envelope, and places it in an out-basket
> for pick-up at the end of the day by a clerk
> who applies postage and mails it. If the
> letter never goes out, the original will
> still be in the file with the office copy,
> and if the letter is returned undelivered,
> it, too, will be returned to the file.

253 A.D.2d at 651.

10

– namely, the requirement to give a debtor notice that the debt has been assigned.

**Plaintiff Has Stated a Claim For Lack of Meaningful Review Pursuant to 15 U.S.C. § 1692e(3)**

Plaintiff has contended that Houslanger violated §1692e(3) by sending the Information Subpoena "without any attorney in [the] office reviewing the underlying file and account, and on information and belief, without reviewing the documents themselves." AC ¶ 52. Although the statutory text of §1692e(3) merely prohibits "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney," id., the Second Circuit has held that "some degree of attorney involvement is required before a letter will be considered 'from an attorney' within the meaning of the FDCPA." Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 301 (2d Cir. 2003) ("Miller I"). Though the Miller I Court declined to set forth a bright-line test to determine whether a sufficiently meaningful attorney review has occurred in a given case, see id. at 304, the Court noted that the analysis would turn on, among other things, whether the attorney's examination of the case file was adequate to permit

11

determination of "whether [the debtor] *was or was not obligated to pay the debt* . . . ." Id. at 305 (emphasis added).

In the instant case, while it is undisputed that there existed a judgment against Plaintiff, the question of whether the Plaintiff "was or was not obligated to pay the debt," id., at the time that Houslanger sought to collect it on behalf of Palisades turns on not only the existence of the Judgment, but also whether Plaintiff received adequate notice of the assignment of the Judgment. See Tri City Roofers, 61 N.Y.2d at 780. Accordingly, although ordinarily an attorney's determination that there exists a valid judgment may obviate the need for further review of a case file, in situations such as the instant case, where the judgment was assigned to a third party, §1692e(3) requires that an attorney seeking to collect that judgment engage in a review the case file sufficient to determine that the judgment debtor received notice of the assignment.

Since Plaintiff's meaningful review claim turns on the disputed issue of fact as to whether or not Plaintiff received notice of the assignment, it is not appropriate for dismissal at the pleading stage. Burns, 805 F. Supp. 2d at 23-24.

12

**Plaintiff Has Failed To State a Claim for Violation of N.Y. Judiciary Law § 487**

Section 487 of the Judiciary Law ("§487") prohibits an attorney or counselor from (1) engaging in any deceit or collusion, or consenting to any deceit or collusion, with intent to deceive the court or any party; or (2) willfully delaying a client's suit with a view to his own gain, or willfully receiving any money or allowance for or on account of any money which he has not laid out, or becomes answerable for. N.Y. Jud. Law § 487.

"[T]he alleged deceit forming the basis for . . . a cause of action [under §487], if it is not directed at a court, must occur during the course of a pending judicial proceeding." Nicholson v. Forster & Garbus LLP, No. 11 Civ. 0524 (SJF)(WDW), 2012 WL 273150, at *2 (E.D.N.Y. Jan. 30, 2012) (quoting Costalas v. Amalfitano, 305 A.D.2d 202, 204 (N.Y. App. Div. 2003)).

Here, Plaintiff has alleged that Houslanger sent the Information Subpoena to Plaintiff's bank without conducting a sufficient review of the file, and thereby engaged in deceitful conduct in the course of "invok[ing] the authority of the state court system," Compl. ¶ 63, and "employing the power of the

13

State Courts," Compl. ¶ 64. Crucially, "the allegedly false statements were not directed to a court, nor did they occur 'during the course of a pending judicial proceeding.'" Nicholson, 2012 WL 273150, at *2 (quoting Costalas, 305 A.D.2d at 204). Rather, Plaintiff has only alleged deceitful statements made in "*post-judgment* collection documents," Compl. ¶ 57 (emphasis added); by definition, such statements did not "occur during the course of a pending judicial proceeding." Nicholson, 2012 WL 273150, at *2. Accordingly, Plaintiff's allegations cannot support a cause of action under §487.

Plaintiff's reliance on Sykes v. Mel Harris & Assocs., 757 F. Supp. 2d 413 (S.D.N.Y. 2010) and Diaz v. Portfolio Recovery Assocs., No. 10 Civ. 3920 (ERK), 2012 WL 1882976 (E.D.N.Y. May 24, 2012), is misplaced, as both Sykes and Diaz involved allegations that the defendant made deceitful filings with the court during the course of judicial proceedings. See Sykes, 757 F. Supp. 2d at 417 (plaintiff alleged that defendants conducted a scheme to obtain default judgments by "failing to serve a summons and complaint and then filing a fraudulent affidavit attesting to service"); Diaz, 2012 WL 1882976, at *2 (plaintiff alleged that defendants intentionally filed

14

complaints asserting time-barred claims "knowing that the vast majority of the claims will result in default judgments").

\*   \*   \*

When a motion to dismiss is granted, "[i]t is the usual practice . . . to allow leave to replead." Schindler v. French, 232 Fed. Appx. 17, 19 (2d Cir. 2007) (quoting Cortec Indus., Inc. v. Sum Holding P.P., 949 F.2d 42, 48 (2d Cir. 1991)). However, "it is proper to deny leave to replead where . . . amendment would be futile." Hunt v. Alliance N. Am. Gov't Income Trust, Inc., 159 F.3d 723, 728 (2d Cir. 1998). Here, amendment of Plaintiff's §487 claim would be futile because, as set forth above, the allegedly deceitful statements were not made to the court or during the course of a pending judicial proceeding. See Nicholson, 2012 WL 273150, at \*2. As such, the §487 claim is dismissed with prejudice.

15

## Conclusion

For foregoing reasons, defendant Houslanger's motion to dismiss the amended complaint is granted with prejudice with respect to the claim under §487, and denied with respect to the remaining claims.

It is so ordered.

New York, NY
August / 7 2013

_____
ROBERT W. SWEET
U.S.D.J.